Seventh. All and singular the premises are true and within the admiralty and maritime jurisdiction of the United States and of this honorable court.

Wherefore, libelant prays that process in due form of law, according to the course and practice of this honorable court in causes of admiralty and maritime jurisdiction, issue against the Clyde Steamship Company, the respondent herein, and that the said respondent be cited to appear and answer all and singular the matters aforesaid, and that this honorable court be pleased to decree to your libelant its damages, with interest and costs, and that your libelant may have such other and further relief as in law and justice it may be entitled to receive.

E. J. L'Engle and W. F. Rogers, both of Jacksonville, Fla., for libelant.

Kay, Adams & Ragland, of Jacksonville, Fla., for respondent.

---

## THE EDNA.

(District Court, N. D. California, Third Division. July 14, 1923.)

No. 17662.

Seamen ⬯➡16—Not entitled to wages after capture of vessel as prize; "destitute seamen."

> Where a ship on a voyage was captured as prize of war, and the voyage was never completed, the seamen, who performed no service after the capture, under Rev. St. § 4526 (Comp. St. § 8317), were entitled to transportation to port of shipment as destitute seamen, but were not entitled to wages after their service ceased.

In Admiralty. Suit by E. C. Bonsal and another against the steamship Edna; Ole Johnson, claimant. On exceptions to libel. Exceptions sustained.

S. T. Hogevoll, of San Francisco, Cal., for libelants.

Andros & Hengstler and F. W. Dorr, all of San Francisco, Cal., for respondent and claimant.

DOOLING, District Judge. Libelants seek to recover wages for the estimated period which it would have taken to conclude a voyage upon which they shipped. The voyage began on December 7, 1915, and on January 27, 1916, 51 days later, the vessel was captured by a British war vessel, and subsequently condemned as a prize. The date of condemnation is not alleged, nor is it alleged that libelants stayed by the ship until she was condemned, nor that they performed any

services during the time for which they are seeking compensation. It is, however, alleged that they received wages for two months, that the voyage would have lasted seven months, and that they are now entitled to wages for five months, because, as alleged, the vessel was on March 10, 1921, ordered restored to her owners, with freight earned on the voyage. It is averred that the vessel was so restored, but there is no averment that the freight earned was paid. There are early cases which hold that seamen under the circumstances disclosed would be entitled to wages for the voyage. Section 4526, R. S. (Comp. St. § 8317), however, seems to me to be controlling here. Its provisions follow:

Section 4526: *"Termination of Wages by Loss of Vessel—Transportation to Place of Shipment.* In cases where the service of any seamen terminates before the period contemplated in the agreement, by reason of the loss or wreck of the vessel, such seaman shall be entitled to wages for the time of service prior to such termination, but not for any further period. Such seaman shall be considered as a destitute seaman and shall be treated and transported to port of shipment as provided in sections 4577, 4578 and 4579 of the Revised Statutes of the United States."

The service of libelants terminated on January 27, 1916, by reason of the loss of the vessel to her owners, due to her capture by the British as a prize. Libelants thereafter performed no service, and so far as appears left the owners to contest the capture as best they could. They were then under the statute destitute seamen, and entitled under the foregoing section to transportation to the port of shipment. They have been paid for their services up to the time they left the vessel, and the restoration of the vessel to her owners over five years later, and after prolonged litigation, did not revive their claim to compensation for the whole voyage, which was so far as appears never completed.

The exceptions to the libel are therefore sustained.